■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GORDON, Appellant. [48 NYS3d 195]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Firetog, J.), dated July 26, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1991, the defendant was indicted for numerous crimes based on his commission, between November 1990 and April 1991, of rapes and robberies of 11 females who ranged from 13 to 23 years of age. In 1992, the defendant was convicted, upon his plea of guilty, of various crimes in satisfaction of the indictments, and sentenced to an indeterminate term of imprisonment. Within 30 days of the defendant's scheduled conditional release from incarceration, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) to determine the defendant's risk level (*see* Correction Law § 168-l). At the conclusion of that hearing, the Supreme Court designated the defendant a level three sex offender.

Contrary to the defendant's contentions, neither the hearing nor the Supreme Court's resulting designation was retroactively rendered violative of due process or otherwise invalidated by the Attorney General's subsequent filing of a Mental Hygiene Law article 10 petition for the civil management of the defendant (*see generally* Correction Law § 168-n). Rather, the defendant's obligation to verify under SORA shall be temporarily suspended during any period of confinement at a facility pursuant to Mental Hygiene Law article 10 (*see* Correction Law § 168-f [3]), and the defendant has the statutory right to seek a modification of his SORA risk level designation in the future (*see* Correction Law § 168-o).

The defendant's remaining contentions are without merit. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.