People v Blum (2018 NY Slip Op 08192)





People v Blum


2018 NY Slip Op 08192


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7755 1477/13

[*1]The People of the State of New York, Respondent,
v
John Blum, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about September 28, 2016, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant an indefinite adjournment of the sex offender classification hearing in this case (see People v Gordon, 147 AD3d 988 [2d Dept 2017], lv denied 29 NY3d 910 [2017]). Defendant was automatically a level three offender because of the applicability of an automatic override, and the only material issue was whether the court should grant a downward departure, an issue on which defendant had the burden of proof. Under the circumstances, the possibility that the court would be in a better position to decide that issue at the end of defendant's civil commitment, if any, is speculative. In any event, "defendant has the statutory right to seek a modification of his SORA risk level designation in the future" (Gordon, 147 AD3d at 988).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK