People v Norris (2019 NY Slip Op 00479)





People v Norris


2019 NY Slip Op 00479


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-07822

[*1]People of State of New York, respondent,
v
Cordoza Norris, appellant.


Janet E. Sabel, New York, NY (Natalie Rea of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (James P. Sullivan, J.), dated July 14, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2005, the defendant pleaded guilty to various crimes based on his rape of a nine-year-old girl at knifepoint. He was sentenced to an indeterminate term of imprisonment of 7½ to 15 years. The defendant had committed the rape shortly after he was released from prison following his prior conviction for a different rape. In December 2015, two days before the defendant's scheduled conditional release from incarceration, the Attorney General filed a petition pursuant to Mental Hygiene Law article 10 for the civil management of the defendant and, consequently, the defendant remained in custody.
While the civil management proceeding was pending, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) to determine the defendant's risk level designation (see Correction Law § 168-n). After the hearing, the court designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, neither SORA nor the constitutional guarantee of due process required the Supreme Court to postpone the hearing and the determination of his risk level designation pending the resolution of the civil management proceeding, or his release from any resulting confinement. Rather, the statute contemplates that a SORA hearing and determination may precede the conclusion of a civil management proceeding commenced before the offender's release from incarceration. Furthermore, the defendant has the statutory right to seek a modification of his SORA risk level designation in the future, after the civil management proceeding and any confinement pursuant thereto (see Correction Law § 168-o; People v Gordon, 147 AD3d 988, 988).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court